```
          IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| URSULA VAZQUEZ-BALDONADO, **Plaintiff**, v. ALICIA DOMENECH, JOSE M. REYES-REYES, **Defendants**. | **CIVIL NO.** 10-1251 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is plaintiff's motion for reconsideration of the Court's dismissal of her Puerto Rico law claims, (Docket No. 22), and plaintiff's renewed motion for default judgment. (Docket No. 24.) Having considered the complaint and the arguments contained in plaintiff's motions, the Court **DENIES WITH PREJUDICE** the renewed motion for default judgment.

**DISCUSSION**

**I.   Background**

**Procedural Background**

On March 24, 2010, plaintiff Ursula M. Vazquez-Baldonado ("Vazquez" or "plaintiff") filed a complaint against Alicia Domenech ("Domenech") and Jose M. Reyes-Reyes ("Reyes") (collectively "defendants") alleging actions in violation of the Racketeering Influenced and Corrupt Organizations ("RICO") Act,

Civil No. 10-1251 (FAB)                                                   2

18 U.S.C. § 1964.  (Docket No. 1 at ¶¶ 1-4.)  On September 20, 2010, the Clerk entered default against Domenech and Reyes. (Docket No. 13.)  On September 21, 2010, plaintiff filed a motion for default judgment against both Domenech and Reyes.  (Docket No. 14.)  On June 16, 2011, the Court denied plaintiff's motion for default judgment.  (Docket No. 19.)  The Court indicated that plaintiff could file a renewed motion for default which must explain, with detailed legal analysis, how the allegations in the complaint support a valid RICO claim.  Id.  The Court also dismissed plaintiff's Puerto Rico tort law claims with prejudice for failure to support those claims with appropriate factual allegations.  (Docket No. 19 at p. 2, n. 2.)

On July 18, 2011, plaintiff filed a motion to amend her complaint[1] and to seek reconsideration of the Court's dismissal of plaintiff's Puerto Rico tort law claims.  (Docket No. 22.)  On that same date, plaintiff also filed a renewed motion for default judgment.  (Docket No. 24.)

**Factual Background**

The following factual findings are derived from plaintiff's amended complaint:

Plaintiff is a resident of Puerto Rico.  (Docket No. 23 at ¶ 5.)  She sought an employment visa from Domenech, who presented

---

[1] Plaintiff's amended complaint, unlike her original complaint, states that defendant Reyes "is not being sued for any R[I]CO violations."  (Docket No. 23 at ¶ 7.)

Civil No. 10-1251 (FAB)                                                3

herself as a Florida attorney authorized to appear before the Department of Homeland Security ("DHS") for immigration purposes. (Docket No. 23 at ¶ 55.)  Plaintiff and Domenech had several telephone conversations concerning plaintiff's employment and immigration claims.  (Docket No. 23 at ¶ 79.)  Plaintiff then entered into a verbal contract with Domenech, paying Domenech a total of $2,840 for services including a "fingerprint fee."[2] (Docket No. 23 at ¶¶ 55-56.)  Plaintiff was given a handwritten receipt, which inaccurately stated that the funds given to Domenech were a personal loan and not payment for legal services.  (Docket No. 23 at ¶ 57.)

Domenech has allegedly conducted similar schemes on others. Plaintiff identified three individuals in Puerto Rico named "Matia," "Alex," and "Aneud," who paid Domenech $7,000, $3,500, and $3,500, respectively, in addition to a "fingerprint fee." (Docket No. 23 at ¶ 58.)  Prior to meeting plaintiff, Domenech also allegedly traveled to the Dominican Republic offering similar immigration services.  Domenech allegedly collected payments from plaintiff's cousins, Nelson Paulino-Maldonado, Julio Paulino-Maldonado, Rolirson Paulino-Maldonado, and Raul Paulino-Reinoso.

---

[2] Plaintiff's amended complaint is unclear as to when this verbal agreement actually occurred.  She first states that these events occurred on July 28, 2007 but in the subsequent paragraph, she claims that the events occurred on July 28, 2009.  (Docket No. 23 at ¶¶ 55-56.)  In her original complaint, however, plaintiff unequivocally indicated that this occurred on July 28, 2007. (Docket No. 1 at ¶¶ 11-12.)

(Docket No. 23 at ¶ 59.)  Plaintiff claims that in 2007, each cousin respectively paid $4,000, $5,000, $6,000, and $7,500 for representation.  Id.  Domenech also allegedly appropriated $4,800 and $7,000 from plaintiff's brothers, Alfredo Vazquez and Marino Vazquez.  (Docket No. 23 at ¶ 60.)  To date, no documents have been filed with DHS on their behalf.  (Docket No. 23 at ¶ 63.)

Domenech also represented plaintiff in an employment claim and allegedly deposited a check (Santander Check No. 3754912 dated November 9, 2007) for plaintiff in the amount of $125,000 on November 12, 2007.  (Docket No. 23 at ¶¶ 70-71.)  Plaintiff was unaware of the value of the check and was told by Domenech that it totaled $62,000.  Domenech thus appropriated $63,000, only allowing Vazquez to receive $50,000 at the time, with the remaining $12,000 to be issued upon leaving the country.  (Docket No. 23 at ¶ 72.)

Because of plaintiff's legal status, she was unable to cash checks.  Therefore, Domenech allegedly issued a $50,000 check (Check No. 3760525) dated November 20, 2007 to Reyes, plaintiff's boyfriend at the time.  (Docket No. 23 at ¶ 73.)  Plaintiff claims that Reyes attempted to issue a check for $40,000, on plaintiff's behalf, for the purchase of property in the Dominican Republic.  (Docket No. 23 at ¶ 75.)  When the transaction fell through, Reyes allegedly put a stop payment on the check, but never returned the funds to plaintiff.  (Docket No. 23 at ¶ 76.)

Civil No. 10-1251 (FAB)                                                5

Domenech was investigated by Agent Hector Diaz (Badge No. 13093) from the Carolina Precinct CIC of the Puerto Rico Police Department (PRPD) and Assistant District Attorney Alma Mendez for defrauding undocumented persons seeking legal status petitions. (See Docket No. 23 at ¶¶ 64-65.)  On October 19, 2010, Domenech was arrested for state criminal charges and an outstanding warrant. (Docket No. 16 at ¶ 1.)  On November 10, 2010, she was indicted on eleven counts by a federal grand jury for impersonating a federal officer and alleging to file immigration proceedings in exchange for money.  (Docket No. 16 at ¶ 2.)  Plaintiff claims that she suffered monetary, emotional, and psychological damage as a result of defendant's acts.  (Docket No. 23 at ¶¶ 87, 89, 91, and 94.)

Plaintiff repeats the above facts nearly verbatim from her original complaint.  (See Docket No. 1.)  In addition, plaintiff has added facts derived from a criminal case, (see Criminal No. 10-431 (DRD)),[3] that was filed on October 19, 2010.  The complaint in the criminal case allegedly charged Domenech with violations of 8 U.S.C. § 1324(a)(1)(A)(iii) (for harboring or bringing in aliens) and 18 U.S.C. § 912 (for falsely pretending to be an employee of the United States) for events that occurred from February 2009 to March 2009.  (Docket No. 23 at ¶ 15.)  Defendant was arrested on

---

[3] Although plaintiff cites to Criminal No. 10-965 (DRD)(CVR), that case was merged into Criminal No. 10-431.  Therefore, all of plaintiff's citations to the criminal case in her amended complaint should be to Criminal No. 10-431 and not Criminal No. 10-965.

Civil No. 10-1251 (FAB)                                                6

October 20, 2010.  (Docket No. 23 at ¶ 16.)  On November 10, 2010, the grand jury indicted defendant and two co-defendants, Genova Navarro and Dianne Raciti,[4] with thirteen counts for violations of 18 U.S.C. § 371 for conspiracy to impersonate a federal officer, 18 U.S.C. §§ 912 and 2 for impersonating a federal officer, and aiding and abetting; and 18 U.S.C. § 1324 (a)(1)(A)(iii) for harboring illegal aliens.  (See Docket No. 23 at ¶ 18; see also Criminal No. 10-431, Docket No. 19, pp. 1-17.)  Additionally, the indictment contains forfeiture allegations pursuant to 18 U.S.C. § 982(a)(6) and 28 U.S.C. §  2461(c)[5].  (Docket No. 23 at ¶ 18.) Specifically, the indictment alleges that Domenech, Navarro, and Raciti falsely represented that they were federal immigration officers or employees, or federal immigration judges, to their clients, who were United States Legal Permanent Residents or illegal aliens.  (Docket No. 23 at ¶ 21.)  Domenech, Navarro, and Raciti allegedly indicated that they could expedite application processes and obtain special immigration benefits for their clients.  Id.  They also allegedly induced these clients to pay them substantial amounts of money even though they had no intention of fulfilling their clients' immigration needs.  Id.

---

[4] Neither Navarro nor Raciti are listed as defendants in this action for violations of RICO.  (See Docket No. 23 at ¶¶ 11-12.)

[5] Plaintiff incorrectly states that one of the forfeiture allegations were pursuant to "Title 18 USC section 2461(c)." (Docket No. 23 at ¶ 18.)

Plaintiff then elaborates on the manner and means of the conspiracy formed by Domenech, Navarro, and Raciti to defraud the clients by offering to provide immigration services.  Specifically, she alleges facts about how Domenech, Navarro, and Raciti defrauded five unnamed victims, R.M.G., G.P.V., A.M.M., N.F., and M.M.R. (Docket No. 23 at ¶¶ 19, 29-45.)  Plaintiff also repeats nearly verbatim these facts from the indictment in the criminal case, Criminal No. 10-431.  (See Docket No. 23 at ¶¶ 24-28; see also Criminal No. 10-431, Docket No. 19 at ¶¶ 9-32.)

In her renewed motion for default judgment, plaintiff argues that she has pled sufficient facts to state a cause of action under the RICO Act.  (Docket No. 24 at p. 2.)  Specifically, plaintiff argues that she has stated the elements of an enterprise, "which is distinct from the other named defendants."  (Docket No. 24 at p. 4.)  She also contends that she has alleged sufficient acts to establish a pattern of activity and to meet the continuity requirement because she has shown that the alleged acts occurred over a continuous period of time. (Docket No. 24 at pp. 4-5.)  The Court finds plaintiff's arguments unpersuasive.

## II. Legal Analysis

### A. Default Judgment Standard

Pursuant to Rule 55(b), a plaintiff "must apply to the court for a default judgment" where the amount of damages claimed is not a sum certain.  When necessary to effectuate judgment, "the

Civil No. 10-1251 (FAB)                                                    8

court may conduct hearings or make referrals" for numerous purposes, including determin[ing] the amount of damages." Fed.R.Civ.P. 55(b).  Entry of default, however, "'constitutes an admission of all facts well-pleaded in the complaint'" and precludes a defaulting defendant from contesting liability.  See Benitez-Ruiz v. Hosp. Buen Pastor, No. 03-1330, 2009 WL 2151285 at *2 (D.P.R. July 14, 2009) (quoting Metropolitan Life Ins. Co. v. Colon Rivera, 204 F.Supp.2d 273, 274-75 (D.P.R. 2002)); see also In re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002) ("[I]t is precisely the right to contest liability that a party gives up when it declines to participate in the judicial process.").  A court may, however, "examine a plaintiff's complaint to determine whether it alleges a cause of action."  Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992).

### B. Racketeer Influenced and Corrupt Organizations (RICO) Act Liability

Plaintiff alleges defendant Domenech has conspired with others, conducted, and participated in defrauding and extorting plaintiff's assets in violation of Title 18 U.S.C. § 1964 of RICO. Pursuant to section 1964(c), which contains civil remedies for RICO violations, private litigants who incurred injury to their business

Civil No. 10-1251 (FAB)                                                9

or property under section 1962[6] of the same statute may sue for treble damages.  A  plaintiff must allege each of the following in order to state a claim under 18 U.S.C. § 1962(c):  (1) conduct (2) of an enterprise, (3) through a pattern (4) of racketeering activity.[7]  Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985).  Additionally, a plaintiff "only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." Id.  Furthermore, section 1962(d) makes it unlawful to conspire in violation of section 1962(c). To prove a RICO conspiracy, a plaintiff must show (1) the existence of an enterprise; (2) that each defendant knowingly joined the enterprise; and (3) that each defendant agreed to commit, or in fact committed, two or more predicate acts.  See Feinstein v. Resolution Trust Corp., 942 F.2d 34, 41 (1st Cir. 1991); see also United States v. Angiulo, 847 F.2d 956, 964 (1st Cir. 1988), *cert. denied*, 488 U.S. 852 (1988).

      Despite the Court's admonitions that plaintiff provide a detailed legal analysis as to how the factual allegations in her complaint support a valid RICO claim, (Docket No. 19 at p. 10),

---

[6] Section 1962 provides in part that it is unlawful "for any person employed or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs though a pattern of racketeering activity . . ."  18 U.S.C. § 1962(c).

[7] "Racketeering activity" is defined under Section 1961 of the RICO statute.  18 U.S.C. § 1961(1).

Civil No. 10-1251 (FAB)                                                   10

plaintiff's renewed motion for default judgment still fails to address several key issues in adequate detail.  Specifically, plaintiff does not explain how her factual allegations constitute a pattern of racketeering activity under RICO, whether RICO predicate acts occurred with continuity, and whether a conspiracy to violate Section 1962(c) of the civil RICO statute exists.

    **1.  Pattern of Racketeering Activity**

        **a.  Predicate Acts**

First, plaintiff's motion still leaves in significant question whether the actions alleged in the complaint constitute predicate acts establishing a pattern of activity. Plaintiff must demonstrate *at least two* related predicates "that amounted to, or threatened the likelihood of, continued criminal activity."  See H.J. Inc. v. Nw. Bell Tel., Co., 492 U.S. 229, 237 (1989).  Plaintiff argues that her allegations of defendants' activity during "[t]he 2007-2009 period satisfies this prong." (Docket No. 24 at p. 4.)  Furthermore, plaintiff argues that she showed a pattern of predicate acts by alleging in the amended complaint that defendant Domench and her "criminal conspirators" engaged in a "pattern [of] impersonating federal immigration officials or employees, the showing of false identification badges, the use of government uniforms to conduct its fingerprinting scheme, and the constant vouching for each other."  (Docket No. 24 at pp. 4-5.)   None of these actions, however, is listed as

Civil No. 10-1251 (FAB)                                                11

predicate acts of racketeering activity under 18 U.S.C. § 1961(1). Miranda, 948 F.2d at 48 (holding that "an actionable claim under section 1962(d), like one under section 1962(c), requires that the complainant's injury stem from a predicate act within the purview of § 1961(1).")

Plaintiff's amended complaint also lists a series of predicate and non-predicate acts that are copied verbatim from her original complaint. (See Docket No. 23 at ¶ 54 and Docket No. 1 at ¶ 10.) Plaintiff also copies verbatim the meager factual support for wire fraud without any further elaboration. (See Docket No. 23 at ¶¶ 54, 61, and 79; and Docket No. 1 at ¶¶ 10, 17, and 29). These cursory statements regarding wire fraud fail to provide sufficient detail concerning the communications. Feinstein, 942 F.2d at 42 ("It is not enough for a plaintiff to file a RICO action, chant statutory mantra, and leave the identification of the predicate acts to the time of trial."). Plaintiff must plead with particularity when and where the wire communications took place, in addition to what information was exchanged. Fed.R.Civ.P. 9(b); See Feinstein, 942 F.2d at 42 (quoting New England Data Serv., Inc. v. Becher, 829 F.2d 286, 292 (1st Cir. 1987) ("'[M]erely stat[ing] conclusory allegations of mail and wire fraud . . . with no description of any time, place or content of the communication' does not satisfy the pleader's burden.")). Therefore, plaintiff's amended complaint and renewed

Civil No. 10-1251 (FAB)                                                   12

motion for default judgment fail to provide the factual allegations to support clearly any additional predicate acts to satisfy the pattern requirement.

      **b.**    **Continued Criminal Activity**

      Plaintiff also fails to plead sufficient facts to meet the continuity requirement because the amended complaint's factual allegations are unclear regarding the span of time during which the alleged predicate acts occurred.  In general, a few weeks or months do not satisfy the "continued criminal activity" requirement, unless it spans over an "open-ended period yet to come."  See Feinstein, 942 F.2d at 45.  The acts must be similar, related, or encompass multiple criminal episodes over a significant period of time.  See Apparel Art Int'l., Inc. v. Jacobson, 967 F.2d 720, 723 (1st Cir. 1992).  While plaintiff argues in her motion for default judgment that the alleged acts occurred between 2007 and 2009, none of the acts in 2009 were predicate acts of racketeering activity.  According to the amended complaint, the only alleged predicate acts of wire fraud occurred in July 2007[8] and November

---

[8] As indicated in footnote 1 above, plaintiff's amended complaint is unclear as to when this verbal agreement actually occurred.  She states that these events occurred on July 28, 2007 but in the subsequent paragraph, she refers to the events and suggests that they occurred on July 28, 2009.  (Docket No. 23 at ¶¶ 55-56.)  In the next paragraph, she then refers to a receipt given to her for the same transaction on July 28, 2007.  (Docket No. 23 at ¶ 57.)  In her original complaint, plaintiff also unequivocally indicated that this incident occurred on July 28, 2007.  (Docket No. 1 at ¶¶ 11-12.)  Therefore, the Court will use the 2007 date and not the 2009 date.

2007.  (Docket No. 23 at ¶¶ 55, 57, 59, 71).  The amended complaint's vague references to events occurring "in 2007" and omission of relevant dates are insufficient to establish continuity or the likelihood of future occurrences.[9]  (See Docket No. 1 at ¶¶ 14-17 and Docket No. 23 at ¶¶ 58-61.)  Even if the plaintiff alleged sufficient predicate acts between 2007 and 2009, this two-year period may not be sufficient to constitute a significant period of time.  See Apparel Art Int'l., 967 F.2d at 723 (citing J.D. Marshall Int'l., Inc. v. Redstart, Inc., 935 F.2d 815, 820-21 (finding that thirteen months was a "relatively short period of time"); Feinstein, 942 F.2d at 44-47 (holding that acts of mail and wire fraud taking place over two years and involving different defendants were not part of a common scheme).  Because neither the amended complaint nor the motion for default judgment contains sufficiently related predicate acts that existed over a significant period of time, the Court finds that plaintiff still fails to show continued criminal activity to establish a pattern of racketeering activity.

        **3.  Conspiracy**

Lastly, plaintiff fails to explain how the facts alleged satisfy the elements of a RICO conspiracy.  Plaintiff must show (1) the existence of enterprise; (2) that each defendant

---

[9] Again, plaintiff copies these paragraphs verbatim from her original amended complaint without any additional information.

Civil No. 10-1251 (FAB)                                        14

joined the enterprise; and (3) that each defendant agreed to commit, or in fact committed, two or more predicate acts as part of his or her participation in the enterprise.  See Angiulo, 847 F.2d at 964.  Plaintiff argues that she has met elements one and two because she alleged the existence of an enterprise and that defendant Domenech joined in the enterprise.  (Docket No. 24 at pp. 3-4.)  The Court will not address this issue because even assuming that plaintiff has alleged sufficient facts to show elements one and two of a RICO conspiracy, plaintiff's factual allegations fail to support the requisite showing that Domenech agreed to commit two or more predicate acts.  See Angiulo, 847 F.2d at 964.  Plaintiff lists wire fraud as a predicate act, but the amended complaint only provides vague factual support for Domenech's fraudulent use of telephone communications.  (See Docket No. 23 at ¶ 54, 61, 76, 82).  As indicated in the Court's memorandum and order regarding plaintiff's original motion for default judgment, (see Docket No. 19 at p. 10), although plaintiff also addresses Reyes' appropriation of plaintiff's funds, she has not explained how this single action relates back to an enterprise or pattern of racketeering activity.  (Docket No. 1 at ¶ 26 and Docket No. 23 at ¶ 76); See McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc., 904 F.2d 786, 794 n. 14 (1st Cir. 1990) (stating that the mere fact that an operation is illegal does not render it a pattern of racketeering activity); see also Feinstein, 942 F.2d 34,

Civil No. 10-1251 (FAB)                                               15

45 n. 11 (1st Cir. 1991) (stating that plaintiff's belief that acts are part of a common scheme are not sufficient to satisfy a RICO pattern requirement). Therefore, plaintiff's amended complaint and renewed motion for default judgment fail to give the Court a clear basis to determine that defendants were part of a RICO conspiracy.

## CONCLUSION

For the reasons expressed above, the Court **DENIES WITH PREJUDICE** plaintiff's motion for default judgment. Plaintiff has failed to file a renewed motion for default judgment that explains how the allegations in her amended complaint support a valid RICO claim. Instead, plaintiff's amended complaint merely reproduces almost verbatim a criminal indictment and her original complaint. This does not constitute detailed legal analysis. Therefore, the Court dismisses this case for want of prosecution. Judgment shall be entered accordingly.

Plaintiff's motion for reconsideration of her Puerto Rico law claims, (Docket No. 22), is rendered **MOOT**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 6, 2012.

                              s/ FRANCISCO A. BESOSA
                              FRANCISCO A. BESOSA
                              UNITED STATES DISTRICT JUDGE