IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

URSULA VAZQUEZ-BALDONADO,

    **Plaintiff**,

          **v.**                 **CIVIL NO.** 10-1251 (FAB)

ALICIA DOMENECH,
JOSE M. REYES-REYES,

    **Defendants**.

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is plaintiff's motion for reconsideration of the Court's dismissal of her Puerto Rico law claims, (Docket No. 22), and plaintiff's renewed motion for default judgment. (Docket No. 24.)  Having considered the complaint and the arguments contained in plaintiff's motions, the Court **DENIES WITH PREJUDICE** the renewed motion for default judgment.

**DISCUSSION**

## I.   Background

### Procedural Background

On March 24, 2010, plaintiff Ursula M. Vazquez-Baldonado ("Vazquez" or "plaintiff") filed a complaint against Alicia Domenech ("Domenech") and Jose M. Reyes-Reyes ("Reyes") (collectively "defendants") alleging actions in violation of the Racketeering Influenced and Corrupt Organizations ("RICO") Act,

Civil No. 10-1251 (FAB)                                                    2

18 U.S.C. § 1964.  (Docket No. 1 at ¶¶ 1-4.)  On September 20,

2010, the Clerk entered default against Domenech and Reyes.

(Docket No. 13.)  On September 21, 2010, plaintiff filed a motion

for default judgment against both Domenech and Reyes.  (Docket

No. 14.)  On June 16, 2011, the Court denied plaintiff's motion for

default judgment.  (Docket No. 19.)  The Court indicated that

plaintiff could file a renewed motion for default which must

explain, with detailed legal analysis, how the allegations in the

complaint support a valid RICO claim.  Id.  The Court also

dismissed plaintiff's Puerto Rico tort law claims with prejudice

for failure to support those claims with appropriate factual

allegations.  (Docket No. 19 at p. 2, n. 2.)

     On July 18, 2011, plaintiff filed a motion to amend her

complaint[1] and to seek reconsideration of the Court's dismissal of

plaintiff's Puerto Rico tort law claims.  (Docket No. 22.)  On that

same date, plaintiff also filed a renewed motion for default

judgment.  (Docket No. 24.)

     **Factual Background**

     The following factual findings are derived from plaintiff's

amended complaint:

     Plaintiff is a resident of Puerto Rico.  (Docket No. 23 at

¶ 5.)  She sought an employment visa from Domenech, who presented

---

     [1]  Plaintiff's  amended  complaint,  unlike  her  original
complaint, states that defendant Reyes "is not being sued for any
R[I]CO violations."  (Docket No. 23 at ¶ 7.)

Civil No. 10-1251 (FAB)                                                      3
_____

herself as a Florida attorney authorized to appear before the
Department of Homeland Security ("DHS") for immigration purposes.
(Docket No. 23 at ¶ 55.)   Plaintiff and Domenech had several
telephone conversations concerning plaintiff's employment and
immigration claims.   (Docket No. 23 at ¶ 79.)   Plaintiff then
entered into a verbal contract with Domenech, paying Domenech a
total of $2,840 for services including a "fingerprint fee."[2]
(Docket No. 23 at ¶¶ 55-56.)   Plaintiff was given a handwritten
receipt, which inaccurately stated that the funds given to Domenech
were a personal loan and not payment for legal services.   (Docket
No. 23 at ¶ 57.)

        Domenech has allegedly conducted similar schemes on others.
Plaintiff identified three individuals in Puerto Rico named
"Matia," "Alex," and "Aneud," who paid Domenech $7,000, $3,500, and
$3,500, respectively, in addition to a "fingerprint fee."  (Docket
No. 23 at ¶ 58.)   Prior to meeting plaintiff, Domenech also
allegedly traveled to the Dominican Republic offering similar
immigration services.  Domenech allegedly collected payments from
plaintiff's cousins, Nelson Paulino-Maldonado, Julio Paulino-
Maldonado, Rolirson Paulino-Maldonado, and Raul Paulino-Reinoso.

_____

        [2] Plaintiff's amended complaint is unclear as to when this
verbal agreement actually occurred.  She first states that these
events occurred on July 28, 2007 but in the subsequent paragraph,
she claims that the events occurred on July 28, 2009.  (Docket
No. 23 at ¶¶ 55-56.)  In her original complaint, however, plaintiff
unequivocally indicated that this occurred on July 28, 2007.
(Docket No. 1 at ¶¶ 11-12.)

Civil No. 10-1251 (FAB)                                                      4

(Docket No. 23 at ¶ 59.)   Plaintiff claims that in 2007, each
cousin respectively paid $4,000, $5,000, $6,000, and $7,500 for
representation.  Id.  Domenech also allegedly appropriated $4,800
and $7,000 from plaintiff's brothers, Alfredo Vazquez and Marino
Vazquez.  (Docket No. 23 at ¶ 60.)  To date, no documents have been
filed with DHS on their behalf.  (Docket No. 23 at ¶ 63.)

    Domenech also represented plaintiff in an employment claim and
allegedly deposited a check (Santander Check No. 3754912 dated
November 9, 2007) for plaintiff in the amount of $125,000 on
November 12, 2007.  (Docket No. 23 at ¶¶ 70-71.)  Plaintiff was
unaware of the value of the check and was told by Domenech that it
totaled $62,000.  Domenech thus appropriated $63,000, only allowing
Vazquez to receive $50,000 at the time, with the remaining $12,000
to be issued upon leaving the country.  (Docket No. 23 at ¶ 72.)

    Because of plaintiff's legal status, she was unable to cash
checks.   Therefore, Domenech allegedly issued a $50,000 check
(Check No. 3760525) dated November 20, 2007 to Reyes, plaintiff's
boyfriend at the time.  (Docket No. 23 at ¶ 73.)  Plaintiff claims
that Reyes attempted to issue a check for $40,000, on plaintiff's
behalf, for the purchase of property in the Dominican Republic.
(Docket No. 23 at ¶ 75.)  When the transaction fell through, Reyes
allegedly put a stop payment on the check, but never returned the
funds to plaintiff.  (Docket No. 23 at ¶ 76.)

Civil No. 10-1251 (FAB)                                                    5

Domenech was investigated by Agent Hector Diaz (Badge No. 13093) from the Carolina Precinct CIC of the Puerto Rico Police Department (PRPD) and Assistant District Attorney Alma Mendez for defrauding undocumented persons seeking legal status petitions. (See Docket No. 23 at ¶¶ 64-65.)  On October 19, 2010, Domenech was arrested for state criminal charges and an outstanding warrant. (Docket No. 16 at ¶ 1.)  On November 10, 2010, she was indicted on eleven counts by a federal grand jury for impersonating a federal officer and alleging to file immigration proceedings in exchange for money.  (Docket No. 16 at ¶ 2.)  Plaintiff claims that she suffered monetary, emotional, and psychological damage as a result of defendant's acts.  (Docket No. 23 at ¶¶ 87, 89, 91, and 94.)

Plaintiff repeats the above facts nearly verbatim from her original complaint.  (See Docket No. 1.)  In addition, plaintiff has added facts derived from a criminal case, (see Criminal No. 10-431 (DRD)),[3] that was filed on October 19, 2010.  The complaint in the criminal case allegedly charged Domenech with violations of 8 U.S.C. § 1324(a)(1)(A)(iii) (for harboring or bringing in aliens) and 18 U.S.C. § 912 (for falsely pretending to be an employee of the United States) for events that occurred from February 2009 to March 2009.  (Docket No. 23 at ¶ 15.)  Defendant was arrested on

_____

[3] Although plaintiff cites to Criminal No. 10-965 (DRD)(CVR), that case was merged into Criminal No. 10-431.  Therefore, all of plaintiff's citations to the criminal case in her amended complaint should be to Criminal No. 10-431 and not Criminal No. 10-965.

Civil No. 10-1251 (FAB)                                               6

October 20, 2010.  (Docket No. 23 at ¶ 16.)  On November 10, 2010,

the grand jury indicted defendant and two co-defendants, Genova

Navarro and Dianne Raciti,[4] with thirteen counts for violations of

18 U.S.C. § 371 for conspiracy to impersonate a federal officer,

18 U.S.C. §§ 912 and 2 for impersonating a federal officer, and

aiding and abetting; and 18 U.S.C. § 1324 (a)(1)(A)(iii) for

harboring illegal aliens.  (See Docket No. 23 at ¶ 18; see also

Criminal No. 10-431, Docket No. 19, pp. 1-17.)  Additionally, the

indictment contains forfeiture allegations pursuant to 18 U.S.C. §

982(a)(6) and 28 U.S.C. §  2461(c)[5].  (Docket No. 23 at ¶ 18.)

Specifically, the indictment alleges that Domenech, Navarro, and

Raciti falsely represented that they were federal immigration

officers or employees, or federal immigration judges, to their

clients, who were United States Legal Permanent Residents or

illegal aliens.  (Docket No. 23 at ¶ 21.)  Domenech, Navarro, and

Raciti allegedly indicated that they could expedite application

processes and obtain special immigration benefits for their

clients.  Id.  They also allegedly induced these clients to pay

them substantial amounts of money even though they had no intention

of fulfilling their clients' immigration needs.  Id.

_____

    [4] Neither Navarro nor Raciti are listed as defendants in this
action for violations of RICO.  (See Docket No. 23 at ¶¶ 11-12.)

    [5] Plaintiff incorrectly states that one of the forfeiture
allegations were pursuant to "Title 18 USC section 2461(c)."
(Docket No. 23 at ¶ 18.)

Civil No. 10-1251 (FAB)                                                7

Plaintiff then elaborates on the manner and means of the conspiracy formed by Domenech, Navarro, and Raciti to defraud the clients by offering to provide immigration services.  Specifically, she alleges facts about how Domenech, Navarro, and Raciti defrauded five unnamed victims, R.M.G., G.P.V., A.M.M., N.F., and M.M.R. (Docket No. 23 at ¶¶ 19, 29-45.)  Plaintiff also repeats nearly verbatim these facts from the indictment in the criminal case, Criminal No. 10-431.  (See Docket No. 23 at ¶¶ 24-28; see also Criminal No. 10-431, Docket No. 19 at ¶¶ 9-32.)

In her renewed motion for default judgment, plaintiff argues that she has pled sufficient facts to state a cause of action under the RICO Act.  (Docket No. 24 at p. 2.)  Specifically, plaintiff argues that she has stated the elements of an enterprise, "which is distinct from the other named defendants."  (Docket No. 24 at p. 4.)  She also contends that she has alleged sufficient acts to establish a pattern of activity and to meet the continuity requirement because she has shown that the alleged acts occurred over a continuous period of time.  (Docket No. 24 at pp. 4-5.)  The Court finds plaintiff's arguments unpersuasive.

## II.  Legal Analysis

### A.   Default Judgment Standard

Pursuant to Rule 55(b), a plaintiff "must apply to the court for a default judgment" where the amount of damages claimed is not a sum certain.  When necessary to effectuate judgment, "the

Civil No. 10-1251 (FAB)                                                8

court may conduct hearings or make referrals" for numerous
purposes, including determin[ing] the amount of damages."
Fed.R.Civ.P. 55(b).  Entry of default, however, "'constitutes an
admission of all facts well-pleaded in the complaint'" and
precludes a defaulting defendant from contesting liability.  See
Benitez-Ruiz v. Hosp. Buen Pastor, No. 03-1330, 2009 WL 2151285
at *2 (D.P.R. July 14, 2009) (quoting Metropolitan Life Ins. Co. v.
Colon Rivera, 204 F.Supp.2d 273, 274-75 (D.P.R. 2002)); see also In
re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002)
("[I]t is precisely the right to contest liability that a party
gives up when it declines to participate in the judicial
process.").  A court may, however, "examine a plaintiff's complaint
to determine whether it alleges a cause of action."  Quirindongo
Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992).

   B.   **Racketeer Influenced and Corrupt Organizations (RICO) Act Liability**

      Plaintiff alleges defendant Domenech has conspired with
others, conducted, and participated in defrauding and extorting
plaintiff's assets in violation of Title 18 U.S.C. § 1964 of RICO.
Pursuant to section 1964(c), which contains civil remedies for RICO
violations, private litigants who incurred injury to their business

Civil No. 10-1251 (FAB)                                                9

or property under section 1962[6] of the same statute may sue for

treble damages.  A  plaintiff must allege each of the following in

order to state a claim under 18 U.S.C. § 1962(c):   (1) conduct

(2) of an enterprise, (3) through a pattern (4) of racketeering

activity.[7]  Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496

(1985).  Additionally, a plaintiff "only has standing if, and can

only recover to the extent that, he has been injured in his

business or property by the conduct constituting the violation."

Id.  Furthermore, section 1962(d) makes it unlawful to conspire in

violation of section 1962(c).  To prove a RICO conspiracy, a

plaintiff must show (1) the existence of an enterprise; (2) that

each defendant knowingly joined the enterprise; and (3) that each

defendant agreed to commit, or in fact committed, two or more

predicate acts.  See Feinstein v. Resolution Trust Corp., 942 F.2d

34, 41 (1st Cir. 1991); see also United States v. Angiulo, 847 F.2d

956, 964 (1st Cir. 1988), *cert. denied*, 488 U.S. 852 (1988).

        Despite the Court's admonitions that plaintiff provide a

detailed legal analysis as to how the factual allegations in her

complaint support a valid RICO claim, (Docket No. 19 at p. 10),

---

    [6] Section 1962 provides in part that it is unlawful "for any
person employed or associated with any enterprise engaged in, or
the activities of which affect, interstate or foreign commerce, to
conduct or participate, directly or indirectly, in the conduct of
such enterprise's affairs though a pattern of racketeering activity
. . ."  18 U.S.C. § 1962(c).

    [7] "Racketeering activity" is defined under Section 1961 of the
RICO statute.  18 U.S.C. § 1961(1).

Civil No. 10-1251 (FAB)                                          10

plaintiff's renewed motion for default judgment still fails to
address several key issues in adequate detail.  Specifically,
plaintiff does not explain how her factual allegations constitute
a pattern of racketeering activity under RICO, whether RICO
predicate acts occurred with continuity, and whether a conspiracy
to violate Section 1962(c) of the civil RICO statute exists.

### 1.    Pattern of Racketeering Activity

### a.    Predicate Acts

First, plaintiff's motion still leaves in
significant question whether the actions alleged in the complaint
constitute predicate acts establishing a pattern of activity.
Plaintiff must demonstrate *at least two* related predicates "that
amounted to, or threatened the likelihood of, continued criminal
activity."  See H.J. Inc. v. Nw. Bell Tel., Co., 492 U.S. 229, 237
(1989).  Plaintiff argues that her allegations of defendants'
activity during "[t]he 2007-2009 period satisfies this prong."
(Docket No. 24 at p. 4.)  Furthermore, plaintiff argues that she
showed a pattern of predicate acts by alleging in the amended
complaint that defendant Domench and her "criminal conspirators"
engaged in a "pattern [of] impersonating federal immigration
officials or employees, the showing of false identification badges,
the use of government uniforms to conduct its fingerprinting
scheme, and the constant vouching for each other."  (Docket No. 24
at pp. 4-5.)   None of these actions, however, is listed as

predicate acts of racketeering activity under 18 U.S.C. § 1961(1).

Miranda, 948 F.2d at 48 (holding that "an actionable claim under

section 1962(d), like one under section 1962(c), requires that the

complainant's injury stem from a predicate act within the purview

of § 1961(1).")

             Plaintiff's amended complaint also lists a

series of predicate and non-predicate acts that are copied verbatim

from her original complaint.  (See Docket No. 23 at ¶ 54 and Docket

No. 1 at ¶ 10.)  Plaintiff also copies verbatim the meager factual

support for wire fraud without any further elaboration.  (See

Docket No. 23 at ¶¶ 54, 61, and 79; and Docket No. 1 at ¶¶ 10, 17,

and 29).  These cursory statements regarding wire fraud fail to

provide   sufficient   detail   concerning   the   communications.

Feinstein, 942 F.2d at 42 ("It is not enough for a plaintiff to

file  a  RICO  action,  chant  statutory  mantra,  and  leave  the

identification  of  the  predicate  acts  to  the  time  of  trial.").

Plaintiff must plead with particularity when and where the wire

communications took place, in addition to what information was

exchanged.   Fed.R.Civ.P. 9(b); See Feinstein, 942 F.2d at 42

(quoting New England Data Serv., Inc. v. Becher, 829 F.2d 286, 292

(1st Cir. 1987) ("'[M]erely stat[ing] conclusory allegations of

mail and wire fraud . . . with no description of any time, place or

content of the communication' does not satisfy the pleader's

burden.")).  Therefore, plaintiff's amended complaint and renewed

Civil No. 10-1251 (FAB)                                                    12

motion for default judgment fail to provide the factual allegations

to support clearly any additional predicate acts to satisfy the

pattern requirement.

### b.    Continued Criminal Activity

Plaintiff also fails to plead sufficient facts

to meet the continuity requirement because the amended complaint's

factual allegations are unclear regarding the span of time during

which the alleged predicate acts occurred.  In general, a few weeks

or months do not satisfy the "continued criminal activity"

requirement, unless it spans over an "open-ended period yet to

come."  See Feinstein, 942 F.2d at 45.  The acts must be similar,

related, or encompass multiple criminal episodes over a significant

period of time.  See Apparel Art Int'l., Inc. v. Jacobson, 967 F.2d

720, 723 (1st Cir. 1992).  While plaintiff argues in her motion for

default judgment that the alleged acts occurred between 2007 and

2009, none of the acts in 2009 were predicate acts of racketeering

activity.  According to the amended complaint, the only alleged

predicate acts of wire fraud occurred in July 2007[8] and November

---

[8] As indicated in footnote 1 above, plaintiff's amended
complaint is unclear as to when this verbal agreement actually
occurred.  She states that these events occurred on July 28, 2007
but in the subsequent paragraph, she refers to the events and
suggests that they occurred on July 28, 2009.  (Docket No. 23 at
¶¶ 55-56.)  In the next paragraph, she then refers to a receipt
given to her for the same transaction on July 28, 2007.  (Docket
No. 23 at ¶ 57.)  In her original complaint, plaintiff also
unequivocally indicated that this incident occurred on July 28,
2007.  (Docket No. 1 at ¶¶ 11-12.)  Therefore, the Court will use
the 2007 date and not the 2009 date.

Civil No. 10-1251 (FAB)                                                    13
_____

2007.    (Docket No. 23 at ¶¶ 55, 57, 59, 71).    The amended

complaint's vague references to events occurring "in 2007" and

omission of relevant dates are insufficient to establish continuity

or the likelihood of future occurrences.[9]   (See Docket No. 1 at

¶¶ 14-17 and Docket No. 23 at ¶¶ 58-61.)   Even if the plaintiff

alleged sufficient predicate acts between 2007 and 2009, this two-

year period may not be sufficient to constitute a significant

period of time.   See Apparel Art Int'l., 967 F.2d at 723 (citing

J.D. Marshall Int'l., Inc. v. Redstart, Inc., 935 F.2d 815, 820-21

(finding that thirteen months was a "relatively short period of

time"); Feinstein, 942 F.2d at 44-47 (holding that acts of mail and

wire fraud taking place over two years and involving different

defendants were not part of a common scheme).   Because neither the

amended complaint nor the motion for default judgment contains

sufficiently related predicate acts that existed over a significant

period of time, the Court finds that plaintiff still fails to show

continued criminal activity to establish a pattern of racketeering

activity.

        3.    **Conspiracy**

            Lastly, plaintiff fails to explain how the facts

alleged satisfy the elements of a RICO conspiracy.   Plaintiff must

show (1) the existence of enterprise; (2) that each defendant

_____

       [9] Again, plaintiff copies these paragraphs verbatim from her
original amended complaint without any additional information.

joined the enterprise; and (3) that each defendant agreed to commit, or in fact committed, two or more predicate acts as part of his or her participation in the enterprise. See Angiulo, 847 F.2d at 964. Plaintiff argues that she has met elements one and two because she alleged the existence of an enterprise and that defendant Domenech joined in the enterprise. (Docket No. 24 at pp. 3-4.) The Court will not address this issue because even assuming that plaintiff has alleged sufficient facts to show elements one and two of a RICO conspiracy, plaintiff's factual allegations fail to support the requisite showing that Domenech agreed to commit two or more predicate acts. See Angiulo, 847 F.2d at 964. Plaintiff lists wire fraud as a predicate act, but the amended complaint only provides vague factual support for Domenech's fraudulent use of telephone communications. (See Docket No. 23 at ¶ 54, 61, 76, 82). As indicated in the Court's memorandum and order regarding plaintiff's original motion for default judgment, (see Docket No. 19 at p. 10), although plaintiff also addresses Reyes' appropriation of plaintiff's funds, she has not explained how this single action relates back to an enterprise or pattern of racketeering activity. (Docket No. 1 at ¶ 26 and Docket No. 23 at ¶ 76); See McEvoy Travel Bureau, Inc. v. Heritage Travel, Inc., 904 F.2d 786, 794 n. 14 (1st Cir. 1990) (stating that the mere fact that an operation is illegal does not render it a pattern of racketeering activity); see also Feinstein, 942 F.2d 34,

Civil No. 10-1251 (FAB)                                                    15

45 n. 11 (1st Cir. 1991) (stating that plaintiff's belief that acts are part of a common scheme are not sufficient to satisfy a RICO pattern requirement).  Therefore, plaintiff's amended complaint and renewed motion for default judgment fail to give the Court a clear basis to determine that defendants were part of a RICO conspiracy.

## CONCLUSION

For the reasons expressed above, the Court **DENIES WITH PREJUDICE** plaintiff's motion for default judgment.  Plaintiff has failed to file a renewed motion for default judgment that explains how the allegations in her amended complaint support a valid RICO claim.  Instead, plaintiff's amended complaint merely reproduces almost verbatim a criminal indictment and her original complaint. This does not constitute detailed legal analysis.  Therefore, the Court dismisses this case for want of prosecution.  Judgment shall be entered accordingly.

Plaintiff's motion for reconsideration of her Puerto Rico law claims, (Docket No. 22), is rendered **MOOT.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 6, 2012.

                                        s/ FRANCISCO A. BESOSA
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE